# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Securities and Exchange Commission,　　)

　　　　vs.　　　　　　　　　　　　　　　)

Heartland Group, Inc.　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)

**3 : MI 03 - 105**

Case No.

FILED
SCRANTON

JUN 0 4 2003

PER _____
DEPUTY CLERK

### NOTICE OF FILING

TO:　　See Attached Certificate of Service

　　　　PLEASE TAKE NOTICE that on the 3rd day of June, 2003, we filed with the Clerk of the United States District Court for the Middle District of Pennsylvania, Motion for Appointment of Receivership Court, a copy of which is attached and herewith served upon you.

_____
Counsel for Phillip L. Stern, as Receiver for Heartland Group's High-Yield Municipal Bond Fund, Short Duration High-Yield Municipal Fund and Taxable Municipal Fund

Phillip L. Stern
Kristi Nelson
FREEMAN, FREEMAN & SALZMAN, P.C.
401 N. Michigan Avenue, Suite 3200
Chicago, Illinois 60611
Telephone: (312) 222-5100
Facsimile: (312) 822-0870

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,    ) | |
| ) | Case No. 01 C 1984 |
| Plaintiff,    ) | |
| ) | JUDGE LEFKOW |
| vs.    ) | |
| ) | |
| HEARTLAND GROUP, INC.,    ) | |
| ) | |
| Defendant.    ) | |

## ORDER

This matter coming before the Court on the Receiver's and SEC's Joint Motion for Court to Re-issue the March 21, 2001 Receivership Order, due notice having been given,

IT IS HEREBY ORDERED:

The Receiver's and SEC's Joint Motion is granted.

The Court hereby re-issues the March 21, 2001 Receivership Order, a copy of which is attached hereto.

ENTERED: *Joan H Lefkow*
5-27-03

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Securities and Exchange Commission, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. |
| Heartland Group, Inc. | ) | |
| | ) | |

## MOTION FOR APPOINTMENT OF RECEIVERSHIP COURT

Phillip L. Stern, as Court-Appointed Receiver in the action SEC v. Heartland Group, Inc.,

Case No. 01 C 1984 pending in the United States District Court for the Northern District of Illinois,

hereby files this Motion for Appointment of Receivership Court pursuant to 28 U.S.C. § 754.

Attached hereto are certified copies of the Receivership Court's May 27, 2003, order re-issuing the

original receivership order of March 21, 2001, and the Complaint.

Dated: June 3, 2003                              Respectfully submitted,

_____

Counsel for Phillip L. Stern, as Receiver for
Heartland Group's High-Yield Municipal Bond Fund,
Short Duration High-Yield Municipal Fund and
Taxable Municipal Fund

Phillip L. Stern
Richard P. Campbell
Kristi Nelson
FREEMAN, FREEMAN & SALZMAN, P.C.
401 N. Michigan Avenue
Suite 3200
Chicago, Illinois 60611
Telephone: (312) 222-5100

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1984 | **DATE** | 5/27/2003 |
| **CASE TITLE** | Securities and Exchange Commission vs. Heartland Group, Inc. | | |

**MOTION:**  [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Receiver's motion for approval and payment of fees is granted. Enter Order Approving Payment of Receiver's Fees and expenses incurred for the month of April 2003 in the amount of $13,099.65. Joint motion of Receiver and SEC for Court to reissue receivership order is granted. Enter Order. The Court re-issues the March 21, 2001 Receivership Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | date docketed | | |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | |
| MD | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) | |
| | ) | |
| | ) | Case No. 01 C 1984 |
| Plaintiff, | ) | |
| | ) | JUDGE LEFKOW |
| vs. | ) | |
| | ) | |
| HEARTLAND GROUP, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER APPROVING PAYMENT OF RECEIVER'S FEES

Phillip L. Stern, who upon motion of plaintiff, the United States Securities and Exchange Commission, was appointed by this Court to act as Receiver of Heartland Group's High-Yield Municipal Bond Fund, Short Duration High-Yield Municipal Fund and Taxable Short Duration Municipal Fund (collectively "the Funds"), has sought an order from this Court approving payment of his fees and expenses incurred for the month of April 2003, in the total amount of $13,099.65.

IT IS HEREBY ORDERED that the Receiver's motion is GRANTED and the Receiver's invoices submitted to the Court for fees and expenses incurred for the month of April 2003, shall be paid in full, in the amount of $13,099.65.

_Joan H. Lefkow_
Honorable Joan Humphrey Lefkow
United States District Judge

Dated: _5-27-03_

CERTIFIED COPY     (Rev. 7/98)

# United States District Court
### Northern District of Illinois
### Eastern Division

I, Michael W. Dobbins, Clerk of the United States District Court for the Northern District

of Illinois, do hereby attest and certify that the annexed document(s) is(are) a full, true,

and correct copy of the original(s) on file in my office and in my legal custody.

IN TESTIMONY WHEREOF:   I have hereunto

subscribed my name and affixed the seal of the

foresaid court at Chicago, Illinois, on    **JUN 1 8 2001**

MICHAEL W. DOBBINS, CLERK

By: _Taren Dalney_

Deputy Clerk

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1984 | **DATE** | 3/21/2001 |
| **CASE TITLE** | Securities and Exchange Commission vs. Heartland Group, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Order Appointing A Receiver. Philip L. Stern is appointed as receiver over receivership property.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | **Document Number** |
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | MAR 2 3 2001 | | |
| ✓ | Docketing to mail notices. | | date docketed | | |
| | Mail AO 450 form. | | | | |
| | Copy to judge/magistrate judge. | | docketing deputy initials | | |
| MD | courtroom deputy's initials | | date mailed notice | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | | |

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION | ) | JUN – 3 7% |
|  | ) |  |
| Plaintiff, | ) | Case No. C 1984 |
|  | ) |  |
| v. | ) | **Judge** |
|  | ) |  |
| HEARTLAND GROUP GROUP, INC. | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

## ORDER APPOINTING A RECEIVER

Plaintiff, the United States Securities and Exchange Commission ("Commission"), has requested that the Court appoint a Receiver for the benefit of investors to marshal, conserve, protect, hold, sell or otherwise dispose of, all assets of any nature, wherever those assets may be found, of Heartland Group's High-Yield Municipal Bond Fund, Short Duration High-Yield Municipal Fund and Taxable Municipal Fund (collectively "the Funds") and all assets in the Funds' custody, possession or control or in which the Funds have a legal or equitable interest (collectively "Receivership Property"); and suspend redemptions, operate and, if appropriate, liquidate the Receivership Property; and with the approval of the Court, if feasible distribute Receivership Property to investors.

The Commission requests the appointment of Philip L. Stern as receiver over the Receivership Property.



1.    The Receiver shall have the following powers and duties to fulfill his obligations:

    a.    Use reasonable efforts to determine the nature, location, and value of all assets and property owned by the Funds, in their possession, custody or subject to their control, or in which the Funds have a legal or equitable interest;

    b.    Use reasonable efforts to determine the identity of all shareholders of the Funds;

    c.    Engage and employ a law firm, and with the approval of the Court, any accounting firms or other necessary individuals or entities the Receiver deems necessary to assist in his duties ("Retained Personnel");

    d.    Take such action as necessary and appropriate to prevent the dissipation or concealment by the Funds or any of their affiliates of any funds or assets constituting Receivership Property and otherwise preserve any such funds and assets;

    e.    The Receiver shall have the authority to issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Northern District of Illinois, concerning any subject matter relating to the identification, preservation, collection and/or liquidation of the Receivership

2

Property or otherwise related to the discharge of the Receiver's duties;

f. Oversee the operations of any and all businesses owned or controlled by the Funds, or otherwise constituting a part of the Receivership Property; and

g. The Receiver may bring such legal actions based on law or equity in any state, federal, or foreign court as he deems necessary or appropriate in discharging his duties as Receiver or on behalf of investors whose interests he is protecting.

2. Within sixty (60) days of his appointment as Receiver, or such longer time as the Court may approve, the Receiver shall file an inventory and appraisal of all property and assets in the Fund's possession, custody or control or in which the Funds hold a beneficial interest.

3. Within thirty (30) days after the filing of the inventory, and at regular intervals of not less than three (3) months thereafter until discharged, the Receiver shall file reports of his acts and transactions in his official capacity as Receiver.

4. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Property. Such compensation shall be in amounts commensurate with the services performed by the Receiver and Retained Personnel and shall be subject to the approval of the Court. The Receiver and Retained Personnel shall apply to the Court for such compensation and expense reimbursement monthly and such amounts shall be paid from the assets frozen

3

by the Court's Orders of Permanent Injunction Heartland Group, Inc. dated March 20, 2001, and any extensions, renewals or modifications thereof.

5.    The Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary duties and obligations in this matter unless and until this Court so orders.

6.    The Receiver and Retained Personnel are entitled to rely on all outstanding rules of law and Court orders and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree.  In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

7.    The Receiver shall establish one or more bank account(s), in his discretion, to deposit funds the Receiver may recover.  The Receiver shall use such funds for any legitimate purpose consistent with the Receiver's powers and duties and this Order, including paying fees and expenses of the Receiver and Retained Personnel, as approved by the Court.

8.    Heartland Group, Inc., its Officers, Directors, and employees, are required to assist the Receiver in fulfilling his duties and obligations.  As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.  However, this requirement does not impinge on Heartland Group's rights to assert any applicable privilege.

4

9.     All investors, creditors, and other persons, and all others acting on behalf of any such investor, creditor or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys, are stayed from:

a.     Commencing, prosecuting, continuing or enforcing any suit or proceeding against or affecting the Funds or any other part of the Receivership Property, except that such actions may be filed to toll any statutes of limitations;

b.     Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any portion of the Receivership Property, including, without limitation, any property owned by or in the possession of the Funds or the Receiver, wherever situated;

c.     Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement with the Funds or any entities controlled by the Funds, or otherwise affecting the Receivership Property; and

d.     Doing any act to interfere with the taking control, possession, or management, by the Receiver, of any portion of the Receivership Property, including, without limitation, the Funds' assets and assets owned, controlled, or in the possession of the Receiver, or to

in any way interfere with or harass the Receiver, or to interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Property.

10. From time to time upon application of the Receiver, the Court shall reissue this order and upon applications of the Receiver may amend this order.

11. All persons, and all others acting on behalf of any such persons, including all agents, servants, employees or independent contractors of the Funds, and sheriffs, marshals, other officers, deputies, servants, agents, employees and attorneys, are ordered to turn over to the Receiver any and all property, including records of any nature in which the Funds are the owners or have any interest in, immediately upon receiving notice of the entry of this order.

12. To the extent of any discrepancy between this Order and paragraph III of the March 21, 2001 Order of Permanent Injunction against Heartland Group, Inc. this Order supersedes, amends and takes precedence over the Permanent Injunction Order.

IT IS SO ORDERED.

_Joan N. Gefsen_

Honorable,
United States District Judge

Dated: _3-21-01_

6

## CERTIFICATE OF SERVICE

I, Kristi Nelson, an attorney, hereby certify that on May 15, 2003, true and correct copies of the foregoing Notice of Motion and Receiver's and SEC's Joint Motion for Court to Re-Issue Receivership Order, were sent to the following:

David S. Slovick
United States Securities Exchange Commission
175 West Jackson Blvd., 9th Floor
Chicago, Illinois  60604
*Via Hand Delivery*

Conrad Goodkind
Quarles & Brady LLP
411 East Wisconsin Avenue
Milwaukee, Wisconsin 53202-4497
*Via Facsimile and First Class Mail*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |
|---|---|
| UNITED STATES SECURITIES | ) |
| AND EXCHANGE COMMISSION, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) CIVIL ACTION |
| v. | ) FILE NO. |
|  | ) |
| HEARTLAND GROUP, INC., | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S COMPLAINT FOR PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

Plaintiff, the United States Securities and Exchange Commission ("Commission"), alleges as follows:

1.      Defendant Heartland Group, Inc. (Heartland Group) is an investment company registered with the Commission during the relevant period.   It is the issuer of a mutual fund portfolio series including 3 municipal bond funds, the High-Yield Municipal Bond Fund (High-Yield Fund), Short Duration High-Yield Municipal Fund (Short Duration Fund) and Taxable Short Duration Municipal Fund (Taxable Fund, collectively the Funds).

2.      Heartland Group failed to send its annual report for the Funds to shareholders or to file it with the Commission within the time prescribed by law, due to its failure to timely obtain audited financial statements for the Funds.  Moreover, it is clear that Heartland will not be able to obtain audited financial statements sufficient to meet its reporting requirements for the Funds.

3.     Heartland Group, therefore, directly and indirectly, has engaged, is engaged and is about to engage in acts and practices which constitute violations of Sections 30(b)(2), 30(e) and 30(g) of the Investment Company Act of 1940 (Investment Company Act) and Rules 30b2-1, 30d-1(a) and 30d-1(c) promulgated thereunder. [15 U.S.C. §80a-29(b)(2), (e) and (g); 17 C.F.R. §270.30b2-1, 270.30d-1(a) and 270.30d-1(c)].

4.     The Commission brings this action to restrain and enjoin such acts and practices pursuant to Section 42 of the Investment Company Act [15 U.S.C. §80a-41].

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over this action pursuant to Section 44 of the Investment Company Act [15 U.S.C. §80a-43], and 28 U.S.C. §1331].  Venue is proper in this Court pursuant to Section 44 of the Investment Company Act [15 U.S.C. §80a-43].

6.     Heartland Group is a Maryland Corporation with its principal place of business in Milwaukee, Wisconsin.   The acts and practices constituting the violations alleged herein have occurred within the jurisdiction of the United States District Court for the Northern District of Illinois and elsewhere.

7.     Heartland Group has acted and is acting as an investment company in connection with the acts and practices alleged herein in the Northern District of Illinois and elsewhere.

8.     There is a reasonable likelihood that Heartland Group will, unless enjoined, continue to engage in the acts and practices set forth in this complaint, and acts and practices of similar purport and object.

### Background

9.      Heartland Group is the issuer of a mutual fund portfolio series which includes at least three fixed-income municipal bond funds, the High-Yield Fund, Short Duration Fund and Taxable Fund.

10.     The High-Yield Fund is an open-end mutual fund registered with the Commission since 1997. Its stated investment goal is to maximize after-tax total return by investing for a high level of federally tax-exempt current income. It invests primarily in medium and lower quality bonds issued by municipalities.

11.     The Short Duration Fund is an open-end mutual fund registered with the Commission since 1997. Its stated investment goal is to seek a high level of federally tax-exempt current income with a low degree of share price fluctuation. It invests primarily in medium and lower-quality bonds issued by municipalities.

12.     The Taxable Fund is an open-end mutual fund registered with the Commission since 1998. Its stated investment goal is to seek a high level of current income with a low degree of share price fluctuation. It invests primarily in taxable medium and lower quality bonds issued by municipalities.

13.     Each year Heartland Group engages independent public accountants to conduct an audit of its funds financial statements in order to, among other reasons, meet its reporting obligations under the federal securities laws.

14.     Heartland Group's fiscal year is the calendar year. Thus, its fiscal year 2000 began January 1, 2000 and ended December 31, 2000.

15.     In late February 2001 Heartland Group represented to Commission staff that its auditors would not be able to timely complete an audit of the Funds' financial

statements, because of the auditors concerns regarding the underlying valuations used by the Funds for the securities held during fiscal year 2000.

16.     As a result, on March 1, 2001, Heartland Group transmitted to its shareholders and filed with the Commission an annual report for all of the other funds in its series, but not for the High-Yield, Short Duration and Taxable funds.

17.     On March 14, 2001 Heartland Group informed Commission staff that its auditors will begin an audit of the Funds, but intended to disclaim any opinion as to the value of the securities held by the Funds during fiscal year 2000.

18.     To date, Heartland Group has failed to obtain audited financials for the Funds. As a result, to date, Heartland Group has failed to transmit the required annual report to shareholders or to file one with the Commission. It is clear that Heartland Group will not be able to obtain audited financial statements for the Funds in the foreseeable future.

19.     Moreover, Heartland Group's auditors refusal to opine on the valuation of the securities held by the Funds raises serious concerns about the value of the Funds and the securities held by the Funds.

20.     Meanwhile, shareholders have redeemed, and continue to redeem, shares in the Funds. As a result of the foregoing, neither shareholders of the Funds nor the Commission are able to assess the financial status of the Funds and shareholders are being deprived of the statutorily required fundamental financial information upon which they may base investment decisions. Consequently, emergency action is necessary to protect shareholders of the Funds from redeeming shares without the benefit of annual

reports containing audited financial statements regarding the valuations of the Funds and the Funds' securities.

## COUNT I
## Failure to Transmit and File Annual Report

21.     Paragraphs 1 through 20 are realleged and incorporated by reference as if set forth fully herein.

22.     Section 30(e) of the Investment Company Act [15 U.S.C. §80a-29(e)] requires an investment company to transmit to its shareholders, at least semi-annually, reports containing financial statements and certain other information specified by the Commission.  Section 30(g) and Rule 30d-1(a) thereunder [15 U.S.C. §80a-29(g); 17 CFR §270.30d-1(a)] requires that annual reports to shareholders contain audited financial statements certified by an independent public accountant.  Rule 30d-1(c) [17 CFR §270.30d-1(c)] requires that the investment company transmit its annual report to its shareholders within 60 days after the close of its fiscal year.  Further, Section 30(b)(2) of the Investment Company Act and Rule 30b2-1 thereunder require that any report with financial statements be filed with the Commission not later than 10 days after it is sent to shareholders [15 U.S.C. §80a-29(b)(2); 17 CFR §270.30b2-1].

23.     Heartland Group's fiscal year ended on December 31, 2000; therefore, its annual report was due to be transmitted to its shareholders by March 1, 2001 and due to be filed with the Commission by March 11.  Heartland Group did not and will not be sending to shareholders or filing with the Commission an annual report for the High Yield, Short Duration or Taxable Funds that includes financial statements certified with an unqualified audit opinion, as required by the federal securities laws.

5

24.     By reason of the foregoing, Heartland Group violated and is likely to continue violating Sections 30(b)(2), 30(e) and 30(g) of the Investment Company Act and Rules 30b2-1, 30d-1(a) and 30d-1(c) thereunder [15 U.S.C. §80a-29(b)(2), (e) and (g); 17 CFR §§270.30b2-1, 270.30d-1(a), 270.30d-1(c)].

## PRAYER FOR RELIEF

WHEREFORE, the Commission requests that the Court:

1.     Issue an Order of Permanent Injunction, in a form consistent with Rule 65(d) of the Federal Rules of Civil Procedure, permanently restraining and enjoining Heartland Group, its officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of the Order, by personal service or otherwise, and each of them from, directly or indirectly, engaging in the acts and practices described above, or in conduct of similar purport and object, in violation of  Sections 30(b)(2), 30(e) and 30(g) of the Investment Company Act of 1940 and Rules 30b2-1, 30d-1(a) and 30d-1(c) promulgated thereunder [15 U.S.C. §80a-29(b)(2),(e) and (g); 17 C.F.R. §§270.30b2-1, 270.30d-1(a), 270.30d-1(c)].

2.     Grant an order freezing the assets of Heartland Group's High-Yield Municipal Bond Fund, Short Duration High-Yield Municipal Fund, and Taxable Short Duration Municipal Fund until further order of this Court.

3.     Grant an order appointing a receiver to marshal and manage Heartland Group's High-Yield Municipal Bond Fund, Short Duration High-Yield Municipal Fund, and Taxable Short Duration Municipal Fund.  The receiver is expressly authorized to suspend redemptions in the Funds, and, if appropriate in the receiver's discretion, liquidate the Funds.

6

4.   Retain jurisdiction of this action in accordance with the principles of

equity and the Federal Rules of Civil Procedure in order to implement and carry out the

terms of all orders and decrees that may be entered or to entertain any suitable application

or motion for additional relief within the jurisdiction of this Court.

5.   Grant Orders for such further relief as the Court may deem appropriate.

Respectfully Submitted,

David S. Slovick, IL Bar No. 6257290
James L. Kopecky, IL Bar No. 6225359
Attorneys for Plaintiff
U. S. Securities and Exchange Commission
500 West Madison Street Suite 1400
Chicago, Illinois 60601-2511
(312) 353-0512

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Securities and Exchange Commission,  )
)
vs.  )
)  Case No.
Heartland Group, Inc.  )
)

## CERTIFICATE OF SERVICE

I, Kristi Nelson, an attorney, hereby certify that on June 3, 2003, a true and correct copy of the foregoing Motion for Appointment of Receivership Court, was sent to the following:

David S. Slovick
United States Securities Exchange Commission
175 West Jackson Blvd., 9th Floor
Chicago, Illinois 60604
*Via Hand Delivery*

Conrad Goodkind
Quarles & Brady LLP
411 East Wisconsin Avenue
Milwaukee, Wisconsin 53202-4497
*Via Facsimile and First Class Mail*

General Deliveries for credit to
United States Treasury Symbol 202?

Wed Jun  4 14:16:13 2003

UNITED STATES DISTRICT COURT

SCRANTON   , PA

Receipt No.    333 92272
Cashier        gina

Tender Type  CHECK

Check Number: 10739

Transaction Type   N

DØ Code     Div No      Acct
  4667        3        086900

Amount            $      35.00

FREEMAN, FREEMAN, SALZMAN, 401 N. MI
CHIGAN AVE STE 3200 CHICAGO, IL

MISC CASE FF/SECURITIES AND EXCHANGE
COMM VS. HEARTLAND GROUP, INC.

cn
Wed Jun  4 14:16:13 2003

Check No. 10739

### FREEMAN, FREEMAN & SALZMAN, P.C.

ATTORNEYS AT LAW

SUITE 3200

401 NORTH MICHIGAN AVENUE

CHICAGO, ILLINOIS 60611-4207

TELECOPIER
(312) 822-0870

TELEPHONE
(312) 222-5100

June 3, 2003

RECEIVED
SCRANTON

JUN 0 4 2003

MARY E. D'ANDREA, CLERK
PER _____
        DEPUTY CLERK

*VIA FEDERAL EXPRESS*

Clerk, U.S. District Court
U.S. Courthouse - Scranton Headquarters
235 North Washington Avenue
Scranton, Pennsylvania 18501

RE:   Securities and Exchange Commission v. Heartland Group, Inc.

Dear Sir or Madam:

Enclosed for filing in the above named case is the original copy of Receiver's Motion for Appointment of Receivership Court and a check in the amount of $35.00 to cover costs. We have also included an extra copy of the motion to be returned stamped "filed" using the enclosed self-addressed, postage prepaid envelope. Please call me at (312) 222-5105 if you have any questions concerning this filing.

Yours truly,

Kristi Nelson

cac
Enclosure